# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JASON HOFFMAN,

    Plaintiff,

v.                                                       Case No:   6:23-cv-1213-PGB-LHP

ARIZONA BEVERAGES USA, LLC,

    Defendant

---

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **JOINT MOTION FOR ENTRY OF FRE 502(d) ORDER (Doc. No. 31)**
>
> **FILED:**     December 19, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

The parties jointly ask the Court to enter an Order pursuant to Federal Rule of Evidence 502(d). Doc. No. 31. Federal Rule of Evidence 502(d) states that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the

disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d). As the Rule makes clear, the decision on whether to enter an order pursuant to Rule 502(d) is discretionary. *Id*. However, "[f]ederal courts, including those in Florida, routinely enter such orders upon request of the parties." *Diaz v. Chapters Health Sys., Inc.*, No. 8:18-cv-3052-T-36-SPF, 2019 WL 1498873, at *1 (M.D. Fla. Apr. 1, 2019) (collecting cases).

Upon review of the proposed order submitted by the parties, *see* Doc. No. 33-1, the Court finds the request well taken, for the most part. However, because the proposed order does not account for Local Rule 3.01(g) in the context of contested claims of privilege, or Local Rule 1.11 when contemplating the filing of sealed materials, the Court will slightly modify the order proposed by the parties accordingly. Thus, Defendant's Unopposed Motion for Entry of a Rule 502(d) Order (Doc. No. 31) is **GRANTED in part**, and it is **ORDERED** as follows:

1. **No Waiver by Disclosure.** This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this

or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

2. **Notification Requirements; Best Efforts of Receiving Party.** A Disclosing Party must promptly notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must - unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph 2 - promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, permanently delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. Within five business days of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged. [For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the

Receiving Party must promptly take steps to delete or sequester the restored protected information.]

3. **Contesting Claim of Privilege or Work Product Protection.** If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within five business days of receipt of the notice of disclosure and after a good faith conferral as required by Local Rule 3.01(g)—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The parties must comply with the provisions of Local Rule 1.11 in filing a Disclosure Motion under seal. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the Disclosure Motion.[1]

4. **Stipulated Time Periods.** The parties may stipulate to extend the time periods set forth in paragraphs 1 and 2.

---

[1] Assertions of attorney-client privilege and work product protection must be made in the manner required by the undersigned's Standing Order on Privilege Logs, https://www.flmd.uscourts.gov/standing-order-judge-hoffman-price-regarding-privilege-logs.

5.     **Attorney's Ethical Responsibilities.**   Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

6.     **Burden of Proving Privilege or Work-Product Protection**.   The Disclosing Party retains the burden—upon challenge pursuant to paragraph 2—of establishing the privileged or protected nature of the Protected Information.

7.     **In camera Review.**   Nothing in this Order limits the right of any party to petition the Court for an in-camera review of the Protected Information.

8.     **Voluntary and Subject Matter Waiver.**   This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection.   The provisions of Federal Rule of Evidence 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

9.     **Rule 502(b)(2).**   To the extent allowed by law, the provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

10.    Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including

metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**DONE** and **ORDERED** in Orlando, Florida on December 21, 2023.

*[Signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties