UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASON HOFFMAN,

    Plaintiff,

v.                                     Case No:   6:23-cv-1213-JSS-LHP

ARIZONA BEVERAGES USA, LLC,

    Defendant

---

## ORDER

    This cause comes before the Court on review of Defendant's Motion to Compel Plaintiff to Produce Documents, to Provide Compliant Responses to Document Requests, to Furnish a Privilege Log and to Withdraw Waived/Belated Objections.  Doc. No. 42.  Plaintiff has responded in opposition.  Doc. No. 45.

    Upon review, the Court is unable to resolve this dispute on the current papers for several reasons.  One, Defendant does not identify what specific discovery requests are at issue with regard to the alleged discovery outstanding.  *See* Doc. No. 42.  Two, according to the motion and the Local Rule 3.01(g) certification, the parties' conferral occurred prior to Plaintiff's supplemental production, with no further conferral thereafter, and thus it is unclear whether the parties could have

resolved this dispute without Court intervention. *See id.* at 3–4. Three, Plaintiff's response indicates that no further responsive documents are being withheld and "there is nothing to compel." *See* Doc. No. 45. Four, Plaintiff's response does not address any issues of privilege, as raised in Defendant's motion. *See id.* Accordingly, the Court will order the parties to further confer regarding Defendant's motion and to file additional briefing with the Court, as set forth below.

It is **ORDERED** as follows:

1. On or before **May 24, 2024**, the parties shall engage in a substantive good faith conferral in person or by videoconference (telephone, email, or other communication methods will not suffice) regarding the issues raised in Defendant's Motion to Compel Plaintiff to Produce Documents, to Provide Compliant Responses to Document Requests, to Furnish a Privilege Log and to Withdraw Waived/Belated Objections (Doc. No. 42).

2. **On or before May 29, 2024,** the parties shall file a **joint status report**, not to exceed **twenty (20) pages** in length, which must address the following:

    a. The date, time, and length of the conferral, and the method by which the conferral was conducted.

    b. The progress and result of the conferral efforts, and whether and to what extent the issues in Defendant's motion (Doc. No. 42) remain

outstanding. As set forth in Defendant's motion, the parties shall specifically address:

    i.    Whether Plaintiff's responses include all pre-retention communications Plaintiff sent to and/or received from any person concerning Defendant.

    ii.    Whether Plaintiff has any remaining responsive documents to Defendant's discovery requests in his current possession, custody, or control, and if so, whether Plaintiff has agreed to produce those documents.

    iii.    Whether Plaintiff will withdraw any objections.

    iv.    Whether Plaintiff withheld any documents on the basis of privilege. *See* Doc. No. 42, at 3.

c.    To the extent that any of these issues remain outstanding, the joint status report shall provide a detailed recitation of those issues remaining for resolution by the Court, a concise statement of each party's position on those issues with citation to applicable legal authority, and a recitation as to which discovery request the production relates.

3.    To the extent that Plaintiff has withheld any documents on the basis of privilege, **Plaintiff must include with the joint status report** (and serve on

Defendant) a privilege log in full compliance with the undersigned's Standing Order Regarding Privilege Logs.[1] Failure to do so may result in a finding that any claim of privilege is waived.

4. The Court will resolve Defendant's motion after receipt of the parties' joint status report, or after setting a hearing on the matter, should the Court deem a hearing necessary. *See* Doc. No. 34 ¶ 6.

5. The parties are cautioned that failure to comply with this Order may result in sanctions. *See* Fed. R. Civ. P. 16(f).

**DONE** and **ORDERED** in Orlando, Florida on May 17, 2024.

*[signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] *See In re Standing Order Regarding Privilege Logs*, No. 6:19-mc-32-LRH, Doc. No. 1 (June 17, 2019), *available at* https://www.flmd.uscourts.gov/standing-order-judge-hoffman-regarding-privilege-logs.