UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

Jason Hoffman, individually and on
behalf of all others similarly situated,

        CASE NO. 6:23-cv-01213-JSS-LHP

   Plaintiff,

v.

Arizona Beverages USA LLC,

   Defendant.
_____/

**DEFENDANT'S MOTION FOR AN ORDER DETERMINING
ENTITLEMENT TO ATTORNEYS' FEES AND COSTS
AS PREVAILING PARTY**

Defendant, Arizona Beverages USA LLC (**"ABUSA"**), through its undersigned counsel and pursuant to Local Rule 7.01(a) & (b), moves the Court for entry of an order determining that ABUSA is the prevailing party entitled to recover its attorneys' fees and costs from Plaintiff, Jason Hoffman (**"Plaintiff"**). Pursuant to Local Rule 7.01(a), the specifics of the grounds entitling movant to fees and expenses are detailed below, and a fair estimate of the fees sought is approximately Two Hundred Thousand Dollars ($200,000.00) and the expenses to be sought are approximately Ten Thousand Dollars ($10,000.00). In support, ABUSA submits the following memorandum.

## MEMORANDUM

### I. BACKGROUND AND COURSE OF PROCEEDINGS

Plaintiff initiated this case on June 29, 2023, by filing his putative class action complaint asserting six purported claims. [DE 1]. Two of the claims were Florida statutory claims, with Count I alleging a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statutes §501.201, *et seq.* and Count II alleging False and Misleading Advertising in violation of Florida Statutes §817.41.[1]

After the parties conducted a pre-motion meet and confer conference, on October 23, 2023, Plaintiff filed his First Amended Complaint [DE 12] wherein he only asserted the claims under FDUTPA (Count I), False Advertising (Count II), and Fraud (Count III), effectively withdrawing all other claims previously asserted.

On November 6, 2023, ABUSA filed its Motion to Dismiss Amended Complaint asserting that Plaintiff lacked standing and detailing the several reasons that the claims asserted in the Amended Complaint were insufficient as a matter of law. [DE 21].

On May 1, 2024, ABUSA filed its Notice of Supplemental Authority in Support of Motion to Dismiss Amended Complaint which submitted authority holding that the plausibility of a deceptive label claim must be based on the contents of the packaging as a whole. [DE 37].

---

[1] Count III alleged breaches of warranty; Count IV alleged negligent misrepresentation; Count V alleged fraud and Count VI alleged unjust enrichment.

On June 18, 2024, ABUSA filed its Second Notice of Supplemental Authority in Support of Motion to Dismiss Amended Complaint which submitted authority requiring that the sufficiency of a deceptive label claim must be determined considering the contents of the entire label. [DE 51].

The parties engaged in considerable discovery including propounding discovery requests, exchanging answers to interrogatories and producing documents. During discovery, disputes arose that required multiple conferences, and one such dispute required ABUSA to file a motion to compel discovery [DE 42] and a motion to extend time to complete discovery [DE 38]. The Court entered scheduling orders setting a trial date and deadlines for motions to be filed. [DE 33 and 43]. ABUSA deposed Plaintiff on May 23, 2023. ABUSA also served discovery requests concerning a class certification expert report proffered by Plaintiff.

While the Motion to Dismiss was pending and shortly before expert discovery responses were due from Plaintiff, on July 15, 2024, Plaintiff filed his Notice of Voluntary Dismissal [DE 56] and, on July 17, 2024, the Court entered its Order dismissing the action and denying all pending motions as moot. [DE 57].

## II. ABUSA IS ENTITLED TO RECOVER ITS FEES/COSTS

### A. The Allegedly Violated Statutes Allow Prevailing Party Fees

Florida follows the general rule that "a prevailing litigant is not entitled to collect attorneys' fees from the loser, unless a statute or contract provision allows for such an award." *Rabco Corp. v. Steele Plaza, LLC*, No. 6:16-cv-1858-Orl-40KRS, 2018

WL 7982921, at *3 (M.D. Fla. Aug. 9, 2018) (citing *Herbst v. N. Ocean Condos, L.P.*, No. 08-60869-CIV, 2009 WL 2257827, at *2 (S.D. Fla. July 29, 2009)).

Here, two of the statutory claims asserted by Plaintiff provide for attorney's fee/cost recovery by the prevailing party.

As to Count I, Florida Statutes, section 501.2105(1) states:

> (1) In any civil litigation resulting from an act or practice involving a violation of this part . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the non-prevailing party.

As to Count II, Florida Statutes, section 817.41(6) states:

> (6) Any person prevailing in a civil action for violation of this section shall be awarded costs, including reasonable attorney's fees, and may be awarded punitive damages in addition to actual damages proven. This provision is in addition to any other remedies prescribed by law.

B. <u>ABUSA Is The Prevailing Party</u>

It is well-established in Florida that when "a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." *Thornber v. City of Ft. Walton Beach*, 568 So.2d 914, 919 (Fla. 1990); *see also Alhambra Homeowners Ass'n, Inc. v. Asad*, 943 So. 2d 316, 318 (Fla. Dist. Ct. App. 2006) ("The general rule is that when a plaintiff voluntarily dismisses an action, the defendant is the 'prevailing party' within the meaning of statutory or contractual provisions awarding attorney's fees to the 'prevailing party' in litigation."); *Stuart Plaza, Ltd. v. Atlantic Coast Dev. Corp.*, 493 So.2d

1136, 1137 (Fla. Dist. Ct. App. 1986) (noting that when a plaintiff takes a voluntary dismissal, the defendant is the prevailing party).

Further, Florida law does not require the voluntary dismissal to be with prejudice or for a party to succeed on the merits to be considered a "prevailing party." *See Kamel v. Kenco/The Oaks at Boca Raton, LP*, No. 07-80905-CIV, 2008 WL 3471594 at *2 (S.D. Fla. Aug. 11, 2008). Courts have readily concluded that Florida law dictates that a defendant is the prevailing party when the plaintiff voluntarily dismisses the case. *Bahrakis v. Zimmerman*, No. 8:19-cv-2948-T-24SPF, 2020 WL 4734929, at *2 (M.D. Fla. Aug. 14, 2020) ("Defendants contend that they are the prevailing parties as to the Florida claims dismissed without prejudice, because Plaintiffs decided to voluntarily dismiss ... their complaint .... The Court agrees with Defendants that this makes them the prevailing parties as to the Florida claims."); *M&L Rest. Grp., LLC v. Atif Hosp. Concepts, LLC*, No. 8:17-cv-2119-T-33TGW, 2018 WL 4608256, at *4 (M.D. Fla. Apr. 12, 2018) ("Because the plaintiffs voluntarily dismissed their case, the Defendant is considered a prevailing party."); *Parra v. Minto Townpack, LLC*, No. 08-14168CIV, 2009 WL 2602678, at *2 (S.D. Fla. Aug. 21, 2009) ("Generally, when a plaintiff voluntarily dismisses an action, the defendant is deemed the prevailing party for purposes of attorney's fees." (citations omitted)); *see also Williams v. Spanish Trace of Orlando, Ltd.*, No. 6:11-cv-1163-Orl-28DAB, 2012 WL 1416413, at *1 (M.D. Fla. Apr. 4, 2012) ("Under Florida law, a defendant is considered a prevailing party when a plaintiff voluntarily dismisses his or her claims."), *report and recommendation adopted*, 2012 WL 1415592 (M.D. Fla. Apr. 24, 2012).

This is true even where the claims are dismissed without prejudice. *See Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801 (11th Cir. 2014) (collecting cases and finding that the defendant was the "prevailing party" under Florida law because the district court dismissed the plaintiff's action without prejudice).

**WHEREFORE,** ABUSA respectfully requests that this Court grant ABUSA's motion ruling that ABUSA is the prevailing party entitled to recover its attorney's fees and costs from Plaintiff.

### CERTIFICATE OF L.R. 3.01(G) CONFERENCE

The undersigned hereby certifies that on July 29, 2024, its counsel, Robert P. Donovan, Esq. had a telephone conference with Plaintiff's counsel, Chris Gold, Esq. No agreement was reached as to the relief sought in this motion.

*s/ Robert P. Donovan*
ROBERT P. DONOVAN
STEVENS & LEE, P.C.
Robert.donovan@stevenslee.com
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
T: (201) 857-6778

-and-

*/s/ Stephen B. Gillman*
STEPHEN B. GILLMAN
Florida Bar No. 196734
SHUTTS & BOWEN LLP
sgillman@shutts.com

Secondary: morozco@shutts.com
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
T: (305) 347-7311
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on July 29, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record listed.

*/s/ Robert P. Donovan*
ROBERT P. DONOVAN