UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASON HOFFMAN, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.                         Case No: 6:23-cv-1213-JSS-LHP

ARIZONA BEVERAGES USA LLC,

    Defendant.

_____/

## ORDER

Defendant Arizona Beverages USA LLC moved for entry of an order designating it as the prevailing party entitled to recover its attorneys' fees and costs from Plaintiff Jason Hoffman after Plaintiff voluntarily dismissed this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Dkt. 59.)  United States Magistrate Judge Leslie Hoffman Price entered a report recommending granting the motion in part. (Dkt. 64.)  Plaintiff timely filed an objection to the report (Dkt. 65), and Defendant responded in opposition (Dkt. 66).  Upon consideration and for the reasons explained below, Defendant's motion is granted in part, Judge Hoffman Price's report is adopted, and Plaintiff's objections are overruled.

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a

de novo review of those findings. *See Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also* 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. *See Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *United States v. Rice*, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Plaintiff brought this action against Defendant, contending Defendant's marketing labels for its Arnold Palmer beverages were misleading and deceptive. (Dkt. 12, Am. Compl.) Plaintiff asserted claims for violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 (Count I), false and misleading advertising, Fla. Stat. § 817.41 (Count II), and fraud (Count III). (Dkt. 1.) Defendant moved to dismiss the amended complaint (Dkt. 21), and thereafter, Plaintiff voluntarily dismissed this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (Dkt. 56). Defendant moved for entry of an order designating it as the prevailing party entitled to recover its attorneys' fees and costs (Dkt. 59), which Plaintiff opposed (Dkt. 60). With the court's permission, Defendant filed a reply (Dkt. 63). On October 2, 2024, United States Magistrate Judge Leslie Hoffman Price entered a report and recommendation recommending that Defendant's motion be granted insofar as determining that Defendant is the prevailing party entitled to attorneys' fees and costs on the claim brought under Fla. Stat. § 817.41 (Dkt. 64.) Plaintiff timely filed an objection to the report (Dkt. 65), and Defendant responded in opposition (Dkt. 66).

Because the court finds that the objections are due to be overruled and the report adopted as the court's opinion, the court will not fully repeat the factual and procedural history or the arguments and authority addressed in the report.  Instead, the court writes briefly to address Plaintiff's specific objections.

First, Plaintiff contends the Magistrate Judge "did not accurately apply Florida law under an *Erie* [*R. Co. v. Tompkins*, 304 U.S. 64 (1938)] analysis." (Dkt 65 at 5–12.) Plaintiff did not raise this argument in his initial opposition, and as a result, the court declines to consider it here.  *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has the discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); *Club Madonna, Inc. v. City of Miami Beach*, 42 F.4th 1231, 1259 (11th Cir. 2022) (same).  Moreover, the Eleventh Circuit has noted that "all five Florida intermediate appellate courts" "have held (at one point or another) that a defendant is a prevailing party for purposes of a fee-shifting statute or contract in Florida when the plaintiff voluntarily dismisses his claim without prejudice."  *Royal Palm Vill. Residents, Inc. v. Slider*, 57 F.4th 960, 965 (11th Cir. 2023) (collecting cases and further explaining that "holding that a voluntary dismissal without prejudice does not lead to prevailing party status is a broad pronouncement which conflicts with a number of Florida cases.")  Likewise, the Florida Supreme Court reiterated the general rule explaining that "[i]n general, when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party." *Thornber v. City of Fort Walton Beach.*, 568 So. 2d 914, 919 (Fla. 1990).

Second, Plaintiff attempts to distinguish the cases the Magistrate Judge relied upon in the report and recommendation. The court disagrees that the specific facts of *Bahrakis v. Zimmerman*, No. 8:19-cv-2948-T-24SPF, 2020 WL 4734929 (M.D. Fla. Aug. 14, 2020); *M&L Rest Grp., LLC v. Atif Hosp. Concepts, LLC*, No. 8:17-cv-2119-T-33TGW, 2018 WL 4608256 (M.D. Fla. Apr. 12, 2018), and *Parra v. Minto Townpack, LLC*, No. 08-14168CIV, 2009 WL 2602678 (S.D. Fla. Aug. 21, 2009), are distinguishable from this case. The court agrees with Defendant that those "decisions recognize the general principle under Florida law that when a plaintiff voluntarily dismisses an action, the defendant is deemed the prevailing party for purposes of attorney's fees." (Dkt. 66 at 9); *see Bahrakis*, 2020 WL 4734929, at *2 (holding the plaintiffs voluntary dismissal of their action "makes them the prevailing parties as to the Florida claims"); *M&L Rest Grp., LLC*, 2018 WL 4608256, at *2 (explaining that under the applicable Florida substantive law, "if a plaintiff voluntarily dismisses its suit, the defendant is the prevailing party"); *Parra*, 2009 WL 2602678, at *3 (holding that "under Florida's general rule, a voluntary dismissal conveys prevailing party status").

Moreover, as correctly explained in the Magistrate Judge's report and recommendation, the court's jurisdiction in this action is based on the Class Action Fairness Act, which expanded federal diversity jurisdiction for class actions. (Dkt. 64); *see Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 911 (11th Cir. 2014). *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), "commands that we apply the substantive law of Florida, the forum state, in this diversity action." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746

F.3d 1008, 1020 (11th Cir. 2014). Defendant seeks attorney's fees as the prevailing party on Plaintiff's claim under Florida Statute section 817.41 (Count II).[1] (Dkt. 59.) "Where the right to attorneys' fees and costs sounds in state law and reaches this Court by way of federal diversity jurisdiction, we apply the substantive law of the forum state." *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 801 (11th Cir. 2014) (*citing Trans Coastal Roofing Co. v. David Boland, Inc.*, 309 F.3d 758, 760 (11th Cir. 2002)); *see also McMahon v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001) ("statutes allowing for recovery of attorney's fees are substantive for *Erie* purposes"). Therefore, Florida substantive law applies to this diversity action, and Florida courts have concluded that the defendant is a prevailing party entitled to attorney's fees when the plaintiff voluntarily dismisses his claim without prejudice. *See Black Diamond Prop., Inc. v. Haines*, 36 So. 3d 819 (Fla. Dist. Ct. App. 2010).

Upon independent review of the file and for the reasons set forth above, the court will overrule Hoffman's objections and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is

**ORDERED**:

1. Plaintiff's Objections to Report and Recommendation (Dkt. 65) are **OVERRULED**.

---

[1] In its Motion, Defendant also sought prevailing party attorney's fees under § 501.201, Fla. Stat (Count I). (Dkt. 59.) The Magistrate Judge correctly determined that a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) does not entitle a defendant to fees and costs under § 501.2105(1) (Dkt. 64), and neither party contests that determination (Dkts. 65, 66).

2.  The Report and Recommendation (Dkt. 64) is **ADOPTED** as the opinion of the court and made a part of this Order.

3.  Defendant's Motion for An Order Determining Entitlement to Attorneys' Fees and Costs as Prevailing Party (Dkt. 59) is **GRANTED** to the extent that Defendant is the prevailing party and entitled to attorney's fees and costs on Plaintiff's claim under Fla. Stat. § 817.41 (Count II).  The Motion is otherwise **DENIED**.

**ORDERED** in Orlando, Florida, on February 18, 2025.


_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE



Copies furnished to:
Counsel of Record