UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

Jason Hoffman, individually and on behalf
of all others similarly situated,

    Plaintiff,

v.

Arizona Beverages USA LLC,

    Defendant.
_____/

Case No. 6:23-cv-01213-JSS-LHP

### DEFENDANT'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO SUPPLEMENTAL MOTION ON AMOUNT OF FEES AND EXPENSES

Defendant, Arizona Beverages USA LLC ("**ABUSA**" or, at times, "**Defendant**"), files the within memorandum in reply to Plaintiff's opposition ("Opp.") to ABUSA's supplemental motion for the amount of fees and expenses.

### THE HOURLY RATES ARE REASONABLE

Plaintiff argues that the rates charged by Stevens & Lee ($275-$350 for partners and $225 to $275 for associates) and by Shutts & Bown ($510 to $575 for partners and $445 for other partners and of counsel), respectively, exceed the prevailing market rates for attorneys of reasonably comparable skill, experience, and reputation. (Opp. at p. 4). However, as set forth in the supporting declaration of attorney fee expert, John "Sean" Johnson (ECF No., 70-10, "Johnson Dec."), all of these rates are well within the range of hourly rates customarily charged by attorneys in the relevant market with similar levels of experience. (*Id.*, ¶¶ 8, 9).

1

05/09/2025 SL1 2766442v1 115260.00016

The Opposition ignores the experience of lead counsel, Messrs. Donovan and Gilman, partners at their respective firms and each having well more than three decades of complex commercial ligation experience. Additionally, the Opposition disregards Mr. Donovan's declaration (ECF No.70-1, at times, "Donovan Dec.") setting forth that his firm's rates were significantly discounted, below the hourly rates of similar counsel in Florida, based upon his long-standing relationship with ABUSA as its lead class action defense counsel. (*Id.*, Dec., ¶¶ 4-6).

Further, in similar cases, courts in this District have awarded rates at the same level and even higher than the rates sought here. *See First Natl Bank of Oneida, N.A. v. Brandt*, No. 8:16-cv-51-AAS, 2021 WL 2856626, at*2-3 (M.D. Fla. July 8, 2012 (rates of $705, $650 and $456, in a complex commercial litigation, found reasonable); *see also Durant v. Big Lots, Inc.,* 5:23-cv-561-GAP-PRL, 2024 WL 5658810, at *6-7, and at n. 11 (M.D. Fla. Sept. 24, 2024) (ruling defense counsel rates, $825-$950 for partner, $715-$815 for counsel and $625-$725 for associates, even if 25% above higher than comparable counsel in the District, were awardable nonetheless given risk of a large certified class and resultant need for specialized counsel).

Contrary to the assertion that this suit was a "straightforward food labeling case," this action constituted a complex putative statewide class action whereby Plaintiff sought to represent virtually every Florida consumer who bought ABUSA's Arizona Arnold Palmer Half Iced Tea and Half Lemonade product labeled as "Lite" ("Product"). Based on the class action claims, ABUSA faced massive potential

05/09/2025 SL1 2766442v1 115260.00016

liability with enormous consequences in other jurisdictions. The complexity of the case and the potential massive exposure justified the staffing employed.

Plaintiff relies upon decisions that are inapplicable because they concern matters where the court ruled the litigation was simple and straight forward. *See Reed v. Complete Credit Solutions, Inc.*, No. 6:21-cv-1276-PGB-RMN, 2024 WL 758900, at *3 (M.D. Fla. Feb. 8, 2024) (addressed a "straight forward" FDCPA case, with a one count complaint); *McDonald v. Hunter Warfield, Inc.,* No. 3:20-cv-971-MMH-LLL, 2022 WL 807438, at *2 (M.D. Fla. March 17, 2022) (opponent to fees there had an expert prove that the matter was a straightforward consumer protection action); *see also McCray v. Dietsch and Wright, P.A.,* No. 18-cv-731-T-02SPF, 2020 WL 6565078, at *2 (M.D. Fla Nov. 9, 2020 ("straightforward" FDCPA case).

In contrast, this action presented a complex class action, with multiple claims, and was not a "run of the mill" lawsuit. Plaintiff has offered no expert report or any other evidence to state otherwise. Similar to *Big Lots*, given the class action claims, the suit required ABUSA to retain specialized and highly experienced counsel, at the rates charged. *See Big Lots,* 2024 WL 5658810 at *7.

## **THE OPPOSITION FAILS TO DETAIL THE OBJECTIONS**

The objection may be rejected for non-compliance with M.D.L.R 7.01(d) which requires that: "A response to a supplemental motion on amount must detail the basis for each objection, including the identification by day and timekeeper of an unreasonable claim." As held by the Eleventh Circuit, "[O]bjections and proof from fee opponents concerning hours that should be excluded must be specific and

3

reasonably precise." *ACLU of Georgia v. Barnes*, 168 F. 3d 423, 428 (11th Cir. 1999). Here, Plaintiff claims "redundant billing," excessive hours on motions, excessive billing, clerical work, block billing, overstaffing and vague entries (Opp. at pp. 3, 6-13). However, he fails to identify the day and timekeeper pertinent to any objection. Respectfully, Plaintiff's vague and non-compliant objections, and the self-serving and unsupported request for an 80% reduction of the award, should be rejected.

## THE AMOUNT OF FEES SOUGHT ARE REASONABLE

Plaintiff makes the unsupportable assertion that this action involved "minimal discovery" and that the hours devoted to such matters were "unnecessary" (Opp. at pp. 2 and 11-12). That assertion is belied by the Court's docket and ABUSA counsel's declaration, detailing written discovery requests propounded by the parties, the discovery responses exchanged, the discovery disputes due to Plaintiff's repeated failure to provide compliant responses, the resultant motion to compel, Plaintiff's delayed disclosure of expert discovery in violation of a Court order, necessitating the filing of another motion, the need to propound third-party subpoenas about counsel's communications with Plaintiff and/or about the Product, and the preparation for, and the taking of, Plaintiff's deposition. (Donovan Dec., ¶¶ 15-33).

Plaintiff's contention of "deposition overbilling" is unsupported and meritless. That deposition was critical to the defense and required preparation time to address Plaintiff's several claims and the class action allegations. Contrary to Plaintiff's assertion, Mr. Gillman's role was not "limited"; he was instrumental in actively

4

participating in that proceeding, and actively defended ABUSA throughout the litigation.

Plaintiff objects to the amount of time devoted to litigating its fee entitlement (Opp. p. 7), but ignores that his own litigious conduct caused these fees to be incurred by steadfastly persisting in his position (carried forward to date) that ABUSA is not the prevailing party. This phase encompassed more than 3 months after dismissal and required ABUSA to: (1) prepare and file a motion and a reply ("Fee Task 1"); (2) engage in meetings with counsel to attempt to settle ("Fee Task 2"); and (3) file a response to Plaintiff's objection to the Report and Recommendation ("Fee Task 3").

Plaintiff relies upon *Villanueva-Gonzalez v. Grainger Frans, Inc.*, No. 2:09-cv-716-FtM-36DNF, 2011 WL 5834677 at *6 (M.D. Fla. Aug, 2011), but that case is inapposite because the court there addressed 25.9 hours of time in preparing a motion for fee entitlement (only), but not time for: a reply brief, settlement efforts and responding to an objection to a report and recommendation. Here, between July 17, 2024 and July 29, 2024, the time in preparing a motion for fee entitlement only (i.e., excluding time for settlement discussions and a reply brief) totaled about 18 hours between the two firms. (ECF No. 70-1, Exs. A and B, pp. 12 and 17, respectively). All services for Fee Tasks 1, 2 and 3 were reasonable, necessary and recoverable.

With respect to motions, Plaintiff's reliance upon *Runion v. Bernard*, No. 2:30-cv-718-JLB-KCD, 2022 WL 18492497 (M.D. Fla. Dec. 5, 2022) is misguided because the motions there were "perfunctory" or denied. *Id.* at *7 and 8. ABUSA's motion to dismiss was not denied and required substantial research on complex issues

5

concerning, *inter alia*, FDA regulations, preemption, economic loss rule, and the plausibility standards under Rule 12(b)(6). (Donovan Dec., ¶¶ 20, 23 and Ex. A, pp. 1 and 2). Plaintiff opposes any award for preparing opposition to class certification and an impending summary judgment motion, notwithstanding the fact that such work was necessary to defend against those claims, particularly so here where Plaintiff served a class expert report and then appeared for deposition.

As to other unspecified objections: (a) no duplicative billing exists; (b) contrary to Plaintiff's claim, the two entries reduced to zero and the discounted invoice have been identified (Donovan Dec., Ex. C, at June 6 and July 17, 2024 and ¶ 46); (c) communications among co-counsel are described in detail, were necessary and reasonably undertaken; (d) no block billing exists; the entries submitted identify each timekeeper and the specific tasks undertaken (*see Trove Brands, LLC v. JH Studios, Inc.*, No. 8:19-cv-1809-KKM-AAS, 2022 WL 827789, at *4 (M.D. Fla. March 3, 2022)); (e) no fees sought relate to clerical work; the invoices reviewed were sales records produced in discovery and invoices to prepare the fee motion. Emails reviewed included those from opposing counsel about significant matters concerning discovery. Docket review was necessary to determine material developments before Defendant appeared; (f) there was no error by ABUSA concerning the joint CMR; the Court required a separate submission to address privilege matters (ECF Nos. 26, 29-31); and (g) ABUSA prepared the lengthy Notice of Related Actions after Plaintiff failed to abide by his obligations to file the pleading (ECF No. 19).

6

## DEPOSITION COSTS ARE RECOVERABLE

Contrary to Plaintiff's contention, ABUSA is entitled to costs because, under the law of the case, ABUSA is the prevailing party. *See Hardin v. Comm.'r of Soc. Sec.*, 8:21-cv-688-JSS, 2022 WL 3013023, at *5 (M.D. Fla. May 23, 2022) (citation omitted). Plaintiff argues that his deposition was "largely" unnecessary, but he does not address his burden to show that it was "not related to an issue which was present in the case at the time the deposition was taken." *See EEOC v. W & O Inc.*, 213 F.3d 600, 622 (11th Cir. 2000). Here, grounds were uncovered during that deposition for ABUSA to seek summary judgment. (Donovan Dec., ¶ 33). Plaintiff did not object to the videotaping, and those video costs may be taxed under Section 1920(2). *See Ferguson v. Bombardier Servs. Corp.*, No. 8:03-CV-1380-T-30, 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007) (citation omitted). All costs sought are documented. (ECF No. 70-1, Exs. G and H).

## THE BIAS CLAIM HAS NO BEARING UPON ADMISSIBILITY

Plaintiff does not contest Mr. Johnson's qualifications to render his opinions. Instead, Plaintiff claims bias because, during his 39-year career, Mr. Johnson was employed at Shutts & Bowen for seven years, leaving that firm eleven years ago in 2014. (Johnson Dec., at Ex A). The speculative bias claim is without merit and, at best, goes to the weight of Mr. Johnson's opinions, not their admissibility. *See Adams v. Lab. Corp. of Am.*, 760 F.3d 1322, 1334 (11th Cir. 2014).

Respectfully submitted,

*/s/ Robert P. Donovan*
ROBERT P. DONOVAN
Robert.donovan@stevenslee.com

7

STEVENS & LEE, P. C.
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407

And

STEPHEN B. GILLMAN
Florida Bar No. 196734
SHUTTS & BOWEN LLP
sgillman@shutts.com
Secondary: morozco@shutts.com
200 South Biscayne Boulevard
Suite 4100
Miami, Florida 33131

*Attorneys for Defendant, Arizona Beverages USA LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on May 9, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record listed.

*/s/ Robert P. Donovan*