**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JASON HOFFMAN,

    Plaintiff,

v.                                    Case No:   6:23-cv-1213-JSS-LHP

ARIZONA BEVERAGES USA, LLC,

    Defendant

## ORDER

Before the Court is Defendant's Supplemental Motion on Amount of Fees and Expenses, Plaintiff's response in opposition, and Defendant's authorized reply. Doc. Nos. 70, 71, 73. The motion has been referred to the undersigned and is ripe for disposition. On review, and for the reasons that follow, the motion (Doc. No. 70) will be **DENIED without prejudice** to renewal, as set forth herein.

As an initial matter, the Court is not convinced that the parties held an adequate conferral on the motion. *See* Local Rules 3.01(g); 7.01(c). While Defendant provided its billing records to Plaintiff and the parties subsequently spoke, Plaintiff sent Defendant an 18-page letter stating objections on April 3, 2025, Doc. No. 71, at 27–45, no subsequent conferral appears to have occurred, and

Defendant simply assumes, based on Plaintiff's letter, "that every billing entry and expense is in dispute." Doc. No. 70, at 3. This is insufficient to meet the parties' obligations under the Local Rules.

More problematic, however, is that both parties have failed to fully comply with the requirements of Local Rule 7.01 and to adequately brief their positions on Defendant's motion. Doc. Nos. 70, 71, 73. First, Local Rule 7.01(c) requires Defendant to file a motion that, among other things:

> (1) describes the meet-and-confer effort but preserves any confidential settlement communication;
>
> (2) specifies the resolved and unresolved issues;
>
> (3) includes a memorandum of law on any disputed issue;
>
> (4) includes for any disputed rate or hour:
>
>> (A) the timekeeper's identity, experience, and qualification;
>>
>> (B) the timekeeper's requested hours;
>>
>> (C) each task by the timekeeper during those hours;
>>
>> (D) the timekeeper's requested rate;
>>
>> (E) lead counsel's verification that counsel charges the rate requested, has reviewed each task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable;
>>
>> (F) evidence showing the reasonableness of the rates based on the prevailing market rate in the division in which the action is filed for similar services by a lawyer of comparable skill, experience, and reputation . . . .

But Defendant fails to comply with these requirements, as the motion nowhere discusses the various timekeepers, their hours, rates, or experience, or the tasks performed. Doc. No. 70. Instead, Defendant points to the declarations of its counsel and its expert to support reasonableness. Doc. No. 70-1, 70-10. However, neither Defendant's counsel nor Defendant's expert address the experience of each timekeeper nor the tasks performed by each timekeeper in this case, and merely opine in conclusory fashion that the rates sought are reasonable. *Id.*[1] This is particularly important because Defendant seeks to recover fees for no less than 10 attorneys, and Plaintiff argues that the number of hours spent on several tasks is facially excessive,[2] to include 47.2 hours for Plaintiff's deposition, 85.1 hours on fee entitlement, over 8 hours reviewing Local Rules, 156 hours on a motion to dismiss that was never ruled on, 18.9 hours on a response to class certification motion that was never filed, 44.9 hours on a motion for summary judgment that was never filed,

---

[1] Submission of firm biographies alone, without any explanation from Defendant, is not enough to carry Defendant's burden, as Defendant appears to be merely expecting the Court to cull through the records and find the information supporting the requested hourly rates. *See* Doc. Nos. 70-4, 70-5. Similarly, although Defendant's expert sets forth the rates of each attorney and the total number of hours for which Defendant seeks recovery, Doc. No. 70-10, at 6–7, Defendant's expert does not identify the tasks performed by each attorney, and Defendant appears to be asking the Court to go through the billing records to figure it out without any explanation. *See* Doc. Nos. 70-2, 70-3.

[2] The Court notes that Defendant is seeking a total of $263,832.00 in attorneys' fees for 661.90 hours in attorney time in a case that remained pending for one year, resolved on a voluntary dismissal and without ruling on any dispositive motion, and never became a class action. Doc. No. 70.

and 60.3 hours for intra-counsel communication,[3] all without explanation from Defendant, particularly as to which attorneys performed such work, whether there was duplication, and/or why multiple attorneys working on these tasks was necessary. Doc. No. 70.

The Court also notes that of the 10 attorneys for whom Defendant seeks fees, only 3 appeared in this case—Attorneys Stephen B. Gillman (Shutts & Bowen), Matthew C. Brunelli (Stevens & Lee), and Robert P. Donovan (Stevens & Lee), with Attorney Gillman admitted to practice before this Court and Attorneys Brunelli and Donovan appearing *pro hac vice*. *See* Doc. Nos. 16–18. As to the remainder of the attorneys, none appeared in this case, none sought leave to proceed *pro hac vice*, and Defendant provides no information as to whether the attorneys are admitted to practice before this Court. Doc. No. 70. Although upon independent review the Court has determined that the other two Shutts & Bowen attorneys (Attorneys Bitran and Wessel Jones) are Florida attorneys admitted to practice before this Court, *see* Doc. No. 70-5, the remaining Stevens & Lee attorneys (Attorneys Moreno, Brogan, MacDuff, Eliades, and McDonald), are admitted to Bars of other jurisdictions. *See* Doc. No. 70-4, at 6–12. Defendant fails to explain why a full attorney rate for these attorneys would be appropriate. *See Callaway v. Acting*

---

[3] The Court derives these numbers from Plaintiff's response, Doc. No. 71, which totals Defendant does not dispute in reply, Doc. No. 73.

- 4 -

*Comm'r of Soc. Sec.*, 802 F. App'x 533, 537 (11th Cir. 2020) (finding no abuse of discretion to treat the work of non-admitted attorneys as compensable at prevailing market rates for paralegal services); *Zech v. Comm'r of Soc. Sec.*, 680 F. App'x 858, 860 (11th Cir. 2017) (same).[4]  As to the Shutts & Bowen attorneys, Defendant does not adequately demonstrate that the hourly rates sought are reasonable, both by failing to address in the motion the attorneys' qualifications or experience, and by failing to provide citation to applicable legal authority demonstrating that the rates are reasonable in the Orlando Division.  *Cf. Defronzo v. Liberty Mut. Ins. Co.*, No. 6:19-cv-244-Orl-78LRH, 2020 WL 5881702, at *5 (M.D. Fla. July 28, 2020), *report and recommendation adopted*, 2020 WL 5881595 (M.D. Fla. Aug. 14, 2020) ("relevant market" is "where the case is filed," and thus reliance on rates charged in Southern District of Florida unpersuasive).

Second, Plaintiff's response and attached objections are problematic, too.  Doc. No. 71.  Local Rule 7.01(d) required Plaintiff to file a response that "detail[ed] the basis for each Objection, including the identification by day and timekeeper of an unreasonable claim."  This Plaintiff did not do, instead objecting to large categories of hours without identifying any specific time entries or timekeepers to which those objections are lodged.  Local Rule 7.01(d); *see also A.C.L.U. of Georgia*

---

[4] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

*v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("[O]bjections and proof from fee opponents concerning hours that should be excluded must be specific and reasonably precise." (citation and quotation marks omitted)); *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1332–33 (M.D. Fla. 2002) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997) (fee opponent's failure to explain with specificity the particular hours he or she views as "excessive, unnecessary and redundant" is generally fatal). Indeed, Plaintiff appears to merely copy his objections submitted to Defendant into his response, and as discussed above, it does not appear that the parties ever held an adequate conferral on these objections.

In sum, in order to either grant Defendant's motion or sustain Plaintiff's objections, the Court would be forced to do counsels' job for them, which it declines to do. But given that both sides have failed to fully comply with their obligations with regard to fee motions, the Court finds that the appropriate avenue is to order another conferral and re-briefing. Accordingly, it is **ORDERED** as follows:

1. Defendant's Motion (Doc. No. 70) is **DENIED without prejudice**. Defendant may file a renewed motion within **thirty (30) days** of the date of this Order.

2. Prior to filing any renewed motion, the parties must conduct a substantive meet and confer pursuant to the requirements of Local Rules

3.01(g) and 7.01(c), which must be conducted in person or by video conference (other means such as telephone or email will not suffice). A renewed motion must include a detailed recitation of the conferral efforts, to include the time, date, method, and length of the conferral, and the outcome of such conferral efforts, to include any agreement by the parties on the issues raised.

3. Defendant's renewed motion must comply in full with the requirements of Local Rule 7.01(c) and must address each of the issues set forth in this Order. A renewed motion shall attach any evidence that Defendant wishes the Court to consider, and the motion must address that evidence by pinpoint citation and citation to applicable legal authority demonstrating the propriety of the relief sought. Defendant may not incorporate by reference any prior submissions. *See* Local Rule 3.01(f).

4. Within **twenty-one (21) days** of filing, Plaintiff shall file a response which complies in full with Local Rule 7.01(d) and applicable legal precedent.

5. Defendant is cautioned that failure to comply in full with Local Rule 7.01(c) and failure to support any requested fee or expense by citation to legal authority and evidence will result in a recommendation that the request be denied. Plaintiff is likewise cautioned that any objection unsupported by

legal authority and/or evidence, or otherwise in non-compliance with Local Rule 7.01(d), will be summarily overruled.

**DONE** and **ORDERED** in Orlando, Florida on August 15, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepesented Parties

- 8 -